UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
333 West Broadway
San Diego, CA 92101

RE: Michael Skillern Oath of Office on Certified Liability Coverage and Liability Declarations of Coverage; Officer Pantoja ID#208 on Citation No. 246376; Police File No. 1512-J6CUGT; Certificate of Title No. 104-18819134210

'23CV1757 DMS DDL

THE UNITED STATES FOR THE USE OF MICHAEL ELLIOT POWELL
4 Deer Creek Road
Pomona, California (91766)
    Plaintiff,

V.

MICHAEL SKILLERN FOR THE USE OF ANTONIO PANTOJA
400 Kenley Street
Diboll, Texas 95941
    Defendant,

TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL
1821 Rutherford Lane, First Floor
Austin, Texas 78754
    Defendant's Fund Contact

**FILED**
Sep 21 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ dmartinez   DEPUTY

---

**EMERGENCY COMPLAINT ON LIABILITY COVERAGE [ARTICLES OF AGREEMENT, COVENANT, BOND, OR OTHER SPECIALTY] FOR CRIMINAL ACTS, FOR ATTACHMENT AND GARNISHMENT, TO ENFORCE A LIEN OR TO SUBJECT PROPERTY TO TAX, FOR LIMITATION OF LIABILITY AND EXONERATION, AND TO RECOVER AMOUNTS DEPOSITED INTO COURT** [1]

Offense occurred on December 12, 2022, at 10:12 p.m., within the SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THE UNITED STATES, STATE OF TEXAS COUNTY OF ANGELINA CITY OF DIBOLL on Highway 59 (Southbound) and Thompson. MICHAEL SKILLERN is a nominal Defendant, and the name ANTONIO PANTOJA is the real Defendant.

THE UNITED STATES FOR THE USE OF MICHAEL ELLIOT POWELL,

 I, Michael Elliot Powell, a fully constitutionally empowered human being, claimant, and surety on account appears before the court and informs the court that on the date and at the location described above, the real Defendant(s):

**COUNT 1- SEARCH WITHOUT WARRANT**

did, being an officer (of the City of Diboll) in the presence of an additional [unidentified] officer (of the City of Diboll), engaged in the enforcement

---

[1] See SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE ACTIONS. Rule A. Scope of Rules, Rule B. In Personam Actions: Attachment and Garnishment, Rule C. In Rem Actions: Special Provisions, Rule D. Possessory, Petitory, and Partition Actions, Rule E. Actions in Rem and Quasi in Rem: General Provisions, Rule F. Limitation of Liability, and Rule G. Forfeiture Actions in Rem.

of Citation No. 246376, search a private automobile used and occupied as such automobile without a warrant directing such search, and, maliciously and without reasonable cause searched private property and the contents therein without a search warrant, in bad faith, without discovery of criminal evidence, and without the issuance of a citation for the alleged traffic violation, contrary to 18 U.S. Code § 2236; [Organizational] CLASS A MISDEMEANOR; fine not more than $200,000.00 or imprisonment not more than one year, or both;

Count 1 shall not apply to any person serving a warrant of arrest; or arresting or attempting to arrest a person committing or attempting to commit an offense in his presence, or who has committed or is suspected on reasonable grounds of having committed a felony; or making a search at the request or invitation or with the consent of the occupant of the premises;

### COUNT 2- STATEMENTS OR ENTRIES GENERALLY

did, within the jurisdiction of the executive branch of the Government (of the City of Diboll), knowingly and willfully make a materially false entry (of No Search) on Citation No. 246376, contrary to 18 U.S. Code § 1001; [Organizational] CLASS E FELONY; not more than $500,000.00 fine or imprisoned not more than 5 years, or both;

### COUNT 3- OBLIGATIONS OR SECURITIES OF UNITED STATES

did, with intent to defraud, falsely made Citation No. 246376, contrary to 18 U.S. Code § 471; [Organizational] CLASS C FELONY; not more than $500,000.00 fine or imprisoned not more than 20 years, or both.

### COUNT 4- UTTERING COUNTERFEIT OBLIGATIONS OR SECURITIES

did, with intent to defraud, concealed a falsely made Citation No. 246376, contrary to 18 U.S. Code § 472; [Organizational] CLASS C FELONY; not more than $500,000.00 fine or imprisoned not more than 20 years, or both.

### COUNT 5- DEALING IN COUNTERFEIT OBLIGATIONS OR SECURITIES

did, transfer and deliver a false Citation No. 246376, with the intent that the same be passed, published, or used as true and genuine, contrary to 18 U.S. Code § 473; [Organizational] CLASS C FELONY; not more than $500,000.00 fine or imprisoned not more than 20 years, or both.

### COUNT 6- FALSE CLAIMS

did, within the jurisdiction of the executive branch of the Government (of the City of Diboll), knowingly make, use, or cause to be made or used, a false record or statement material to Citation No. 246376 an obligation to pay or transmit money or property to the Government, contrary to 31 U.S. Code § 3729, and is liable to the Plaintiff for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-410 [1]), plus 3 times the amount of damages which the Plaintiff sustains because of the act of that person.

COUNT 7- ESTOPPEL

did, make a clear unambiguous promise, solemnly and endorsed sworn Oath of Office, to support the United States Constitution, to support the Texas Constitution and to perform the duties of office in good faith, and in the name of God. The Plaintiff relies upon that Oath of Office for the protection and security of private rights and the good faith performance of public duty. It is reasonable and foreseeable for Plaintiff to rely on Oath of Office for the protection and security of private rights and the good faith performance of public duty. The Plaintiff's rights and security were injured as a result of that reliance, contrary to the Oath that was made, and must be estopped.

**TAKE NOTICE OF THE UNITED STATES CONSTITUTION FOURTH AMENDMENT** The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized; violated, irreparable harm.

**TAKE NOTICE OF THE UNITED STATES CONSTITUTION FIFTH AMENDMENT** No person shall be be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation; violated, irreparable harm.

**TAKE NOTICE OF FORFEITURE** Michael Skillern Oath of Office on Certified Liability Coverage and Liability Declarations of Coverage for the use of Officer Pantoja ID#208 constitutes or is derived from proceeds traceable to a violation of **18** U.S. Code § **471**, § **472**, and § **473**, as described in **18** U.S. Code § **981**, and is subject to forfeiture.

**TAKE FURTHER NOTICE OF FORFEITURE** Officer Pantoja ID#208 on Citation No. **246376** constitutes or is derived from proceeds traceable to a violation of **18** U.S. Code § **471**, § **472**, and § **473**, as described in **18** U.S. Code § **981**, and is subject to forfeiture.

**TAKE NOTICE OF FOIA PUBLIC RECORD SEARCH AND SEIZURE** A post office money order Serial No. **28697219291** for **$154.00** was tendered to the City of Diboll as the estimated cost, via USPS Certified Account # **7020 0640 0000 4364 0756** to City of Diboll for **$8.80**; for FOIA Public Record Request for the search and seizure of Michael Skillern Oath of Office on Certified Liability Coverage and Liability Declarations of Coverage, and Officer Pantoja ID#**208** Oath of Office on Certified Liability Coverage and Liability Declarations of Coverage, for the purpose of securing settlement. Michael Skillern Oath of Office on Certified Liability Coverage and Liability Declarations of Coverage was surrendered to the Plaintiff by the City of Diboll on **8/28/23** and is under arrest and is within the district or will be within the district while the action is pending. Officer Pantoja ID#**208** Oath of Office on Certified Liability Coverage and Liability Declarations of Coverage has not yet been apprehended and is not within the district. The final charge for the property was **$114.06**. An open record refund check of **$39.94** was tendered to Plaintiff.

**TAKE FURTHER NOTICE OF FOIA PUBLIC RECORD SEARCH AND SEIZURE** A post office money order for **$48.00** was tendered to the City of Diboll, via USPS Certified Account # **7019 0140 0001 1128 7581** to Norman Williams City of

Diboll Police for $8.75; for FOIA Public Record Request for search and seizure of Officer Pantoja ID# 208 Body Camera and Police Car Footage on Citation No. 246376 on 12/12/2022 at 10:12 PM, on two discs, for the purpose of securing settlement. The two discs have not yet been apprehended. However, City of Diboll Police File No. 1512-J6CUGT of Officer Pantoja ID#208 Body Camera and Police Car Footage was surrendered to the Plaintiff by the City of Diboll on September 15th, 2023, by email, and is under arrest and is within the district or will be within the district while the action is pending.

**TAKE NOTICE OF LIEN** UCC Financing Statement No. 031-2023-001135 was filed by Plaintiff on Monday, September 18, 2023 10:57:04 AM for $51.25 and acknowledgement was sent to the Department of Treasury Internal Revenue Service Ogden, UT 84201-0002, for injunction on the name MICHAEL SKILLERN FOR THE USE OF ANTONIO PANTOJA, a lien on the name MICHAEL SKILLERN FOR THE USE OF ANTONIO PANTOJA, and a pay fee schedule of any commission for use of the name MICHAEL SKILLERN FOR THE USE OF ANTONIO PANTOJA, without the privity, knowledge, or consent of the Entitlement Holder Secured Party Owner.

**TAKE NOTICE** As a result of the offense(s)- [2,3]

1. Plaintiff is seeking quasi-criminal damages of $200,000.00 for private fine under 18 U.S. Code § 2236, levied to punish Defendant's reprehensible conduct and to deter its future occurrence;
2. Plaintiff is seeking quasi-criminal damages of $500,000.00 for private fine under 18 U.S. Code § 1001, levied to punish Defendant's reprehensible conduct and to deter its future occurrence;
3. Plaintiff is seeking quasi-criminal damages of $500,000.00 for private fine under 18 U.S. Code § 471, levied to punish Defendant's reprehensible conduct and to deter its future occurrence;
4. Plaintiff is seeking quasi-criminal damages of $500,000.00 for private fine under 18 U.S. Code § 472, levied to punish Defendant's reprehensible conduct and to deter its future occurrence;
5. Plaintiff is seeking quasi-criminal damages of $500,000.00 for private fine under 18 U.S. Code § 473, levied to punish Defendant's reprehensible conduct and to deter its future occurrence;
6. Plaintiff is seeking civil penalty of $10,000 under 31 U.S. Code § 3729, plus 3 times the amount of damages which the Plaintiff sustains because of the act of Defendant;
7. Plaintiff is seeking $124.86 for the cost of FOIA Public Record Request for Michael Skillern Oath of Office on Certified Liability Coverage and Liability Declarations of Coverage on [$114.06] Post Office Money Order Serial No. 28697219291, [$2.00] Money Order Fee, and [$8.80] USPS Certified Account # 7020 0640 0000 4364 0756;
8. Plaintiff is seeking $58.75 for the cost of FOIA Public Record Request for Police File No. 1512-J6CUGT of Officer Pantoja ID#208 Body Camera and Police Car Footage on [$48.00] Post Office Money Order Serial No. 28719816873, [$2.00] Money Order Fee, and [$8.75] USPS Certified Account # 7019 0140 0001 1128 7581;
9. Plaintiff is seeking $51.25 for the cost of UCC Financing Statement No. 031-2023-001135;
10. Plaintiff is seeking $18.65 for litigation costs for UPS Store copies, computer use, and Notary Public services on 9/18/2023;

---

[2] See 18 U.S. Code § 3559 - Sentencing classification of offenses
[3] See 18 U.S. Code § 3571 - Sentence of fine

11. Plaintiff is seeking amounts for litigation costs for FedEx Office and Print disc duplicating and printing services;
12. Plaintiff is seeking amounts for litigation costs for USPS Certified and Registered mail services;
13. Plaintiff is seeking compensatory damages of $215.00 for the forfeiture of Officer Pantoja ID#208 on Citation No. 246376;
14. Plaintiff is seeking compensatory damages for the forfeiture of Michael Skillern Oath of Office on Certified Liability Coverage and Liability Declarations of Coverage;
15. Plaintiff is seeking enforcement of injunction and other equitable relief to compel the Defendant to refrain from performing unreasonable searches without warrants, false claims, and misrepresentations; and
16. Plaintiff is seeking a reasonable attorney's fee and other litigation costs reasonably incurred.

**TAKE NOTICE THAT** Plaintiff is seeking $2,200,468.51, plus a civil penalty of $10,000 under 31 U.S. Code § 3729, plus 3 times the amount of damages which the Plaintiff sustains because of the act of Defendant, plus compensatory damages for the forfeiture of Michael Skillern Oath of Office on Certified Liability Coverage and Liability Declarations of Coverage, plus enforcement of injunction and other equitable relief to compel the Defendant to refrain from performing unreasonable searches without warrants, false claims, and misrepresentations, plus amounts for litigation costs for FedEx Office and Print disc duplicating and printing services, plus Plaintiff is seeking amounts for litigation costs for USPS Certified and Registered mail services, and plus a reasonable attorney's fee and other litigation costs reasonably incurred; now and up-counting amounts hereafter incurred.

**TAKE NOTICE THAT** I seek to enforce the lien of the Plaintiff with respect subject the property that is the subject of the claim to the payment of such tax or liability.[4] A levy on property under a writ of attachment creates a lien in favor of the Plaintiff on the property or the proceeds of the sale. The lien shall be ranked ahead of any other security interests perfected after the later of the time of levy and the time a certified copy of the notice of levy is filed in the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated. The lien shall arise from the time of levy and shall continue until a judgment in the action is obtained or denied, or the action is otherwise dismissed. The death of the Defendant whose property is attached does not terminate the attachment lien. Upon issuance of a judgment in the action and registration, the judgment lien so created relates back to the time of levy.[5]

**TAKE NOTICE THAT** This court shall issue a writ of garnishment against the Property distinguished as the Defendant, which is in the possession, custody, or control of the Plaintiff, in order to satisfy the judgment against the Defendant. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such Property is located. This court may issue simultaneous separate writs of garnishment to several garnishees. A writ of garnishment issued under this subsection shall be continuing and shall terminate only by a court order quashing the writ of garnishment, exhaustion

---

[4] See 26 U.S. Code § 7403 - Action to enforce lien or to subject property to payment of tax
[5] See 28 U.S. Code § 3102 - Attachment

of property in the possession, custody, or control of the garnishee in which the Defendant has a substantial nonexempt interest, unless the garnishee reinstates or reemploys the judgment debtor Defendant within **90** days after the judgment debtor Defendant's dismissal or resignation, or satisfaction of the debt with respect to which the writ is issued.[6]

**TAKE NOTICE THAT** I seek to limit my liability to the value of the amount due to the Plaintiff and the security given in this pending case. My proportionate share of the liability shall not exceed my proportionate interest in the Plaintiff and the security given in this pending case.[7]

**TAKE NOTICE THAT** I have first priority to amounts from the assets and estate of the Defendant as are secured for the nominal Plaintiff[8] and I seek to recover the amount due to the real Plaintiff on private settlement of the account of the Defendant annexed to Michael Skillern Oath of Office on Certified Liability Coverage and Liability Declarations of Coverage for the use of Officer Pantoja ID#**208** on Citation No. **246376** wherein the forfeiture appears by default or confession of the Defendant, the court shall render judgment for the Plaintiff for such amount as is due. If the sum is uncertain, it shall, upon request of either party, be assessed by a jury. Any commission of the Defendant and interest of **6** percent a year from the time the money is received by the Defendant until repaid to the Treasury shall be added to the amount due on the account. The commission is forfeited when judgment is obtained.[9]

**TAKE NOTICE THAT** Michael Skillern Oath of Office (of the State of Texas) on Certified Liability Coverage and Liability Declarations of Coverage is a binding agreement between the Defendant's Fund Contact and Defendant that is in writing, in a way and form, and for a purpose authorized by law, and executed before the end of the period of availability for obligation of the appropriation or fund used for specific work or service to be provided, an obligation executed under federal law, being sworn and endorsed to support the Constitution (of the Unites States) and faithfully perform duties of office with dignity. Officer Pantoja ID#**208** on Citation No. **246376** is an order required to be placed with the City of Diboll Police Department (of the State of Texas), an obligation executed under federal law, issued for Plaintiff to tender $215 cash, check, or money order (of the United States), as payment.[10, 11]

**TAKE NOTICE OF GOOD FAITH DEFENSE** A good faith reliance on a court warrant or order, a grand jury subpoena, a legislative authorization, a statutory authorization, a request of an investigative or law enforcement officer, or a good faith determination permitted the conduct complained of, is a complete defense.

**TAKE NOTICE OF INNOCENT OWNER'S DEFENSE** An innocent owner's interest in property shall not be forfeited. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the

---

[6] See **28** U.S. Code § **3205** - Garnishment
[7] See **46** U.S. Code § **30523** - General limit of liability
[8] See **31** U.S. Code § **9309** - Priority of sureties
[9] See **28** U.S. Code § **1874** - Actions on bonds and specialties
[10] See **31** U.S. Code § **1501**(a)(1) and **31** U.S. Code § **1501**(a)(3) - Documentary evidence requirement for Government obligations
[11] See **28** U.S. Code § **1352** - Bonds executed under federal law

evidence. With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who did not know of the conduct giving rise to forfeiture; or upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property. For the purposes of this paragraph, ways in which a person may show that such person did all that reasonably could be expected may include demonstrating that such person, to the extent permitted by law gave timely notice to an appropriate law enforcement agency of information that led the person to know the conduct giving rise to a forfeiture would occur or has occurred; and in a timely fashion revoked or made a good faith attempt to revoke permission for those engaging in such conduct to use the property or took reasonable actions in consultation with a law enforcement agency to discourage or prevent the illegal use of the property.

**TAKE NOTICE OF THE UNITED STATES FOR THE USE OF MICHAEL ELLIOT POWELL** As the Defendant had the right to faithfully perform the duties in question; as he failed, to the injury of the Plaintiff from whom he performed them, with the endorsement of Michael Skillern Oath of Office on Certified Liability Coverage and Liability Declarations of Coverage for the use of Officer Pantoja ID#208 on Citation No. 246376, to discharge the duties, and appropriated the performance of the duties to his own use; and as Michael Skillern Oath of Office on Certified Liability Coverage and Liability Declarations of Coverage was for the protection of private suitors as well as for the Government. Such suit to be IN THE NAME OF THE UNITED STATES FOR THE USE OF MICHAEL ELLIOT POWELL. The Government (of the United States) is a nominal Plaintiff. The name MICHAEL ELLIOT POWELL on Certificate of Title No. 104-18819134210 is attached as the real Plaintiff (distinguished as the "person" who initiated suit).[12]

We pray that the 'Property' (Michael Skillern Oath of Office on Certified Liability Coverage and Liability Declarations of Coverage; Officer Pantoja ID#208 on Citation No. 246376; Police File No. 1512-J6CUGT; Post Office Money Order Serial No. 28697219291 on USPS Certified Account # 7020 0640 0000 4364 0756; and Post Office Money Order Serial No. 28719816873 on USPS Certified Account # 7019 0140 0001 1128 7581) be arrested and attached as the 'Defendant' and dealt with according to law.

---

[12] See Howard v. United States, 184 U.S. 676 (1902) - "This suit was upon a bond taken by a Circuit Court of the United States from its clerk, to secure the proper performance of his duties, and the Circuit Court could take cognizance of it, independently of the citizenship of the real parties in interest, as it was a suit arising under the laws of the United States, of which the Circuit Court was entitled to take original cognizance, concurrently with the courts of the State, even if the parties had been citizens of the same State; and, although the petition shows a case of diverse citizenship, jurisdiction was not dependent upon. such citizenship. That the clerk of the court was authorized, with the sanction or by order of the court, to receive money paid into court in a pending cause, is clearly to be implied from the legislation of Congress referred to in the opinion of the court. Congress, by the statutes referred to in the opinion of the court, intended the bond of a clerk of a Circuit Court should be for the protection of all suitors, public or private. As the clerk had the right to receive the money in question; as he failed, to the injury of the suitor from whom he received it, with the sanction of the court in a pending cause, to deposit it as required by law, and appropriated it to his own use; and as his bond was for the protection of private suitors as well as for the Government, there is no sound reason why the plaintiff could not enforce his rights by a suit in the name of the United States for his benefit."

*Warrant authorized;
*Security was posted for full and private settlement.[13, 14, 15]

9 / 18 /2023
Date

*Michael Elliot Powell*
MICHAEL ELLIOT POWELL
Constituent

---

[13] See Federal Rules of Civil Procedure Rule **67**. Deposit into Court. (a) Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party on notice to every other party and by leave of court may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit. (b) Investing and Withdrawing Funds. Money paid into court under this rule must be deposited and withdrawn in accordance with 28 U.S.C. §§2041 and 2042 and any like statute. The money must be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument.

[14] See **31** U.S. Code § **9310** - Individual sureties. If another applicable Federal law or regulation permits the acceptance of a bond from a surety that is not subject to sections **9305** and **9306** and is based on a pledge of assets by the surety, the assets pledged by such surety shall— **(1)** consist of eligible obligations described under section 9303(a); and **(2)** be submitted to the official of the Government required to approve or accept the bond, who shall deposit the obligations as described under section 9303(b).

[15] See **31** U.S. Code § **9303**(c)(2) - Using an eligible obligation instead of a surety bond for security is the same as using a certified check.